# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40940
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2018

Lyle W. Cayce
Clerk

JOSE VELASCO,

Plaintiff – Appellant,

v.

CAMERON COUNTY; PETE SEPULVEDA, JR., In His Official Capacity; ARMANDO VILLALOBOS, In His Official Capacity as Cameron County District Attorney; ELIUD PLATA, In His Individual and Official Capacity, Cameron County Investigator; OMAR LERMA, In His Individual and Official Capacity, Cameron County Investigator,

Defendants – Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CV-143

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jose Velasco appeals the district court's grant of summary judgment to

Defendants, contending that there are fact disputes as to whether Defendants

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

violated his constitutional rights by subjecting him to false arrest. We AFFIRM.

A Cameron County deputy arrested a suspect for the crime of knowingly and intentionally possessing a usable quantity of marijuana. Documents filed with the Cameron County Sheriff's Department (including the case report, arrest information report, voluntary statement of the accused, *Miranda* waiver, and property receipt) identified the suspect as "Jose Velasquez." According to Velasco, County records created later erroneously identified "Jose Velasco" as the suspect arrested for possession of marijuana. Based on this alleged misidentification, Velasco was arrested about two years later pursuant to a writ of capias for allegedly failing to appear for a scheduled court date. Following this arrest, Velasco appears to have spent over sixty days in jail before charges were dropped and he was released.

The claims before the district court fall into three categories: (1) *Monell*[1] municipal liability claims against the County; (2) Fourth Amendment false-arrest claims against Omar Lerma and Eliud Plata in their individual capacities—both Lerma and Plata were County investigators at the time of the events underlying this lawsuit; and (3) a Fourteenth Amendment stigma-plus-infringement claim against Lerma and Plata in their individual capacities.

Before the district court, Velasco argued that the County adopted and promulgated as an official custom or policy a "pay-to-play" scheme in which it pressured Lerma and Plata (and others) to keep the number of arrestees high by wrongfully arresting people. The district court determined that Velasco failed to offer any summary-judgment evidence of this and thus granted summary judgment to the County on the *Monell* claims.

---

[1] *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658 (1978).

No. 17-40940

As to the Fourth Amendment claims, the district court reasoned that "[t]here is no basis to conclude, solely from the use of the name 'Jose Velasquez' on one set of documents and 'Jose Velasco' on some of the documents in the record, that Plaintiff was falsely arrested." As to Lerma, the district court determined that Velasco had provided no summary-judgment evidence to show that Lerma knowingly or recklessly misrepresented material facts in processing the arrest. Similarly, the district court concluded that Velasco failed to raise a factual dispute as to whether Plata knowingly or recklessly misrepresented a material fact in his sworn affidavit. Moreover, the district court determined that Velasco failed to raise a factual dispute as to whether Plata acted unreasonably.

Regarding Velasco's Fourteenth Amendment stigma-plus-infringement claim, which Velasco does not discuss on appeal, the district court ruled that Velasco had provided "no evidence that there was a false communication or false assertion directed towards [him]," citing *Blackburn v. City of Marshall*, 42 F.3d 925, 936 (5th Cir. 1995). Thus, the district court granted summary judgment to Lerma and Plata on qualified-immunity grounds on all of the claims against them.

"We review a grant of summary judgment *de novo*." *N.Y. Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996). "[W]e may affirm the district court's decision on any grounds supported by the record." *U.S. ex rel. King v. Solvay Pharm., Inc.*, 871 F.3d 318, 323 (5th Cir. 2017) (quoting *Phillips ex rel. Phillips v. Monroe County*, 311 F.3d 369, 376 (5th Cir. 2002)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To overcome a defendant's assertion of qualified immunity, a plaintiff must show first that "the official violated a statutory or constitutional right" and second that "the right was clearly established at the time of the challenged

conduct." *Melton v. Phillips*, 875 F.3d 256, 261 (5th Cir. 2017) (en banc) (quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc)).

On appeal, Velasco argues that the "bulk of the evidence proves" that Defendants misidentified and wrongfully arrested him; that the County has misidentified suspects in other instances; and that the County was involved in an illegal "pay-to-play" scheme. As to Lerma specifically, Velasco alleges that he was falsely arrested because of Lerma's "reckless misrepresentation of the facts"—according to Velasco, Lerma identified him as the initial suspect even though Lerma had not processed that suspect's fingerprints at the time of the arrest. As to Plata specifically, Velasco asserts that Plata signed without reading the affidavit and arrest warrant that led to the alleged wrongful arrest.

On this record, the district court did not err in granting summary judgment on all of Velasco's claims. Most of what Velasco alleges is simply not in the summary-judgment record. Moreover, the district court did not err in concluding that the use of the name "Jose Velasquez" on some documents and "Jose Velasco" on others is insufficient—standing alone—to create a fact issue on false arrest. While we view the evidence in the light most favorable to the non-moving party, there must actually be evidence to credit in the non-movant's favor. "[U]nsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to . . . defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure: Civil 2d § 2738 (1983)). Velasco's arguments suffer from just such conclusory assertions of fact and law.

No. 17-40940

Simply put, the district court did not err in determining that Velasco failed to bring forth evidence to defeat summary judgment.[2]

AFFIRMED.

---

[2] We note that while Velasco relies heavily on the panel opinion in *Melton v. Phillips*, 837 F.3d 502 (5th Cir. 2016), to establish Lerma's liability, that opinion is no longer the law in this circuit. Our en banc opinion in *Melton* clarifies that "an officer must have assisted in the preparation of, or otherwise presented or signed a warrant application in order to be subject to liability under [*Franks v. Delaware*, 438 U.S. 154 (1978)]." *Melton v. Phillips*, 875 F.3d 256, 263 (5th Cir. 2017) (en banc). Velasco's allegations fall woefully short of making the required showing; there is no evidence in the record that Lerma presented, signed, or assisted in preparing the writ of capias. However, even under the reasoning of the prior panel decision, Velasco fails to create a fact dispute as to whether Lerma knowingly or recklessly misrepresented information in support of Velasco's arrest.